UNITED STATES of America,
Appellee,

v.

James J. McDERMOTT, Jr., Kathryn B.
Gannon, aka Kathryn B. Gannon–Aka-
hoski, aka Marylin Star, Defendants,

Anthony P. Pomponio, Defendant–
Appellant.

Docket No. 00–1818.

United States Court of Appeals,
Second Circuit.

Argued Oct. 23, 2001.

Decided Jan. 11, 2002.

Neil Schuster, New York, N.Y. (Thomas F.X. Dunn, of counsel), for Defendant–Appellant.

Andrew J. Ceresney, Assistant United States Attorney for the Southern District of New York, N.Y. (Mary Jo White, United States Attorney, Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Appellee.

Before FEINBERG, OAKES and PARKER, Circuit Judges.

OAKES, Senior Circuit Judge.

Anthony Pomponio was convicted of insider trading, conspiring to commit insider trading, and perjury following a jury trial in the United States District Court for the Southern District of New York, Kimba Wood, *Judge.* Pomponio was one of three co-defendants involved in a triangulated love affair which gave rise to the insider trading prosecution; we addressed the conviction on similar counts of his co-defendant James McDermott in *United States v. McDermott,* 245 F.3d 133 (2d Cir.2001). On appeal, Pomponio argues that his conspiracy conviction should be reversed because there was insufficient proof of a single conspiracy as charged in the indictment. He also challenges the sufficiency of the evidence with respect to the insider trading and perjury counts, and contends that the district court improperly admitted prejudicial evidence regarding the profession of co-defendant Kathryn Gannon. Because we find Pomponio's conviction proper on all counts, we affirm.

## BACKGROUND

Rather than repeat it here, we will assume familiarity with the history of this case as set forth in our opinion in *McDermott. See* 245 F.3d at 135–36. In brief, the case against Pomponio consisted of evidence linking stock trades made by him and by Gannon, with whom he was having an affair, to phone conversations Gannon had with McDermott, who was president of an investment bank and with whom Gannon was also having an affair. The government's theory was that McDermott passed stock recommendations to Gannon, who in turn shared them with Pomponio over a period of about eight months. The trades Pomponio and Gannon made during this period resulted in their earning roughly $170,000 in profits. As additional evidence against Pomponio, the government offered audiotapes of Pomponio's deposition by the SEC, which "recorded him poorly telling lies, evading questions and affecting incredulous reactions" about his and Gannon's stock trades. *Id.* at 136.

McDermott and Pomponio were tried jointly in April 2000. Pomponio was convicted of one count of conspiring to commit insider trading in violation of 18 U.S.C. § 371 and of three counts of insider trading in violation of 15 U.S.C. §§ 78j(b) and 78ff and of 17 C.F.R. § 240.10b–5. He was also convicted of one count of perjury in violation of 18 U.S.C. § 1621. In December 2000, Pomponio was sentenced to 21 months' imprisonment to be followed by a two-year term of supervised release, a $5,000 fine, and $500 in special assessments.

## DISCUSSION

In challenging the legal sufficiency of the evidence supporting his convic-

tion, Pomponio "bears a heavy burden[.]" *United States v. Pipola*, 83 F.3d 556, 564 (2d Cir.1996). He is required to show that the essential elements of the crime charged could not be found beyond a reasonable doubt by any rational trier of fact. *See McDermott*, 245 F.3d at 136–37. Upon review, we must examine "the evidence in the light most favorable to the government, drawing all inferences in the government's favor[.]" *United States v. Shareef*, 190 F.3d 71, 76 (2d Cir.1999) (internal quotations omitted).

Pomponio argues that his conspiracy conviction must be reversed because the government failed to prove a single conspiracy among him and his co-defendants.[1] In support of his position, he points to our holding in *McDermott*, where we reversed McDermott's conspiracy conviction in light of the government's failure to prove an agreement among him, Pomponio, and Gannon to pass insider trading information. *See McDermott*, 245 F.3d at 138. Pomponio appears to assume that because McDermott's conviction was reversed, his must be as well.

■ Pomponio, however, fails to address the issue of variance. It is the law of this Circuit that when a defendant is charged with a single conspiracy among multiple members, and the proof at trial shows that he conspired with some, but not all, of those members, the variance is subject to the harmless error rule. *See United States v. Washington*, 48 F.3d 73, 80 (2d Cir.1995). In order to merit a reversal, "the variance must have caused the defendant 'substantial prejudice' at trial." *McDermott*, 245 F.3d at 139 (citing *United States v. Johansen*, 56 F.3d 347, 351 (2d Cir.1995)); *see also United States v. Cusimano*, 123 F.3d 83, 89 (2d Cir.1997). Substantial prejudice is shown if the defendant can "prove that the evidence in support of

the conspiracy ... in which he did not participate prejudiced the case against him with respect to the conspiracy to which he was a party." *Cusimano*, 123 F.3d at 89.

■ Here, the proof at trial demonstrated that Pomponio conspired with Gannon to trade on the inside information she received from McDermott. Thus, although the government failed to prove a single conspiracy amongst all three co-defendants, the evidence established a more limited conspiracy between Pomponio and Gannon. There is little danger that Pomponio was convicted "on evidence unrelated to his own alleged activity," *Washington*, 48 F.3d at 80, because virtually all the evidence admitted at trial regarding McDermott would have been presented against Pomponio had he been tried for conspiring only with Gannon. Indeed, as we recognized in *McDermott*, Pomponio's SEC deposition testimony regarding his and Gannon's stock trades was "the sensational highlight of the government's evidence[.]" 245 F.3d at 136. Pomponio does not point to any evidence offered solely in support of the single conspiracy that would not apply to him, much less make a showing that any such evidence was prejudicial. We therefore conclude that Pomponio was not substantially prejudiced by the variance in this case.

We have considered Pomponio's additional sufficiency arguments with respect to the substantive insider trading counts and the perjury count, and find them to be without merit. The evidence presented by the government was adequate to convict Pomponio on all counts.

■ Pomponio also contends that the district court improperly allowed evidence of Gannon's stage name, "Marylin Star," and of her having "clientele" to be admitted at trial. He argues that this evidence

---

1. The government concedes for the purposes of this appeal that Pomponio was not part of a single conspiracy involving McDermott and Gannon.

was unfairly prejudicial to him because it may have led the jury to infer that the woman with whom he was having an affair was an actress in pornographic films and was a prostitute, and that therefore Pomponio was predisposed to commit unlawful acts.

In *McDermott*, we found that the admission of Gannon's stage name was not improper, but that "references to Gannon's 'clientele' unfairly prejudiced McDermott by casting an illicit light on his relationship with her[.]" 245 F.3d at 142. Because we had already determined that the case against McDermott was to be remanded for a new trial, however, we did not need to examine whether the admission of these references was harmless error. Such an examination is necessary in this case.

█ "An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Rea*, 958 F.2d 1206, 1220 (2d Cir.1992); *see also United States v. Germosen*, 139 F.3d 120, 127 (2d Cir.1998). Here, the references to Gannon's "clientele" were few, and they were significantly outweighed by the substantial evidence against Pomponio, which included his damaging SEC deposition. We find that the references were " unimportant in relation to everything else the jury considered' " in the case. *Rea*, 958 F.2d at 1220 (quoting *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)). Accordingly, we conclude that their admission in Pomponio's trial was harmless error.

## CONCLUSION

For the reasons set forth above, we affirm Pomponio's conviction on all counts.