**UNITED STATES of America,**
**Appellee,**

v.

**Kevin MANIGAULT, Defendant–**
**Appellant.**

**No. 03–1757.**

United States Court of Appeals,
Second Circuit.

Sept. 10, 2004.

38

Larry H. Krantz (Ann Cypher), Krantz & Berman, New York, N.Y., for Defendant–Appellant, of counsel.

Katherine A. Lemire, Assistant United States Attorney (Gary Stein, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Present: MINER, KATZMANN, Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant-appellant Kevin Manigault appeals from a judgment of the United States District Court for the Southern District of New York, convicting him, following a bench trial, of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(D), as well as carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On December 2, 2003, the district court sentenced Manigault to a term of 60 months' imprisonment, three years' supervised release, and a $300 special assessment. For the reasons that follow, we affirm.

■ Manigault argues that the district court erred in failing to suppress his post-arrest statements. In evaluating the district court's denial of Manigault's motion to suppress, we review the trial court's factual findings for clear error and its legal conclusions *de novo. United States v. Reyes,* 353 F.3d 148, 151 (2d Cir.2003). As to Manigault's initial statement, we conclude that the district court did not err in holding that the remark did not constitute the "functional equivalent" of interrogation given the court's factual findings that Beltre's remark was not directed to Manigault, was made in the course of a much longer conversation between Beltre and another officer, and was not intended by Beltre to elicit an incriminating response. *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *see United States v. Guido,* 704 F.2d 675, 677 (2d Cir.1983) (holding that the officers' suggestion to the defendant that he should consider cooperating did not constitute the functional equivalent of interrogation); *see also United States v. LaPierre,* 998 F.2d 1460, 1466–67 & n. 6 (9th Cir.1993) ("Whether the questioning constituted interrogation is an objective test, but the officer's subjective intent in asking the question is relevant."); *United States v. Calisto,* 838 F.2d 711, 718 (3d Cir.1988) (finding that interrogation did not occur where, *inter alia,* the officer's remark was not directed to the defendant and was the kind of remark that an officer would normally make in carrying out his duties under the circumstances). Further, because

---

\* The Honorable Jed. S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Manigault's initial statement was not the product of a *Miranda* violation, there was no basis for the district court to suppress Manigault's subsequent statements, made after administration of *Miranda* warnings.

■ In addition, Manigault argues that the evidence was insufficient to support his conviction for violation of 18 U.S.C. § 924(c). "[A] defendant making an insufficiency claim bears a very heavy burden." *United States v. Desena,* 287 F.3d 170, 177 (2d Cir.2002). "He is required to show that the essential elements of the crime charged could not be found beyond a reasonable doubt by any rational trier of fact." *United States v. McDermott,* 277 F.3d 240, 242 (2d Cir.2002). In considering such a challenge, "we review [the] evidence presented at trial in the light most favorable to the government." *United States v. Canady,* 126 F.3d 352, 356 (2d Cir.1997) (internal quotation marks omitted). The standard of review applied "is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial." *United States v. Pierce,* 224 F.3d 158, 164 (2d Cir.2000) (internal quotation marks omitted).

With respect to the "carrying" prong of 18 U.S.C. § 924(c), the government met its burden of showing that Manigault was carrying a firearm during and in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). Manigault does not, nor could he successfully, challenge the sufficiency of the evidence supporting his underlying drug trafficking conviction for possession of marijuana with intent to distribute. That evidence included the substantial quantity of marijuana found in Manigault's vehicle, the packaging of the marijuana into different sizes and types of bags, and the large amount of cash stashed near the marijuana. The fact that Manigault was initially arrested for an unrelated crime is therefore irrelevant. There is also no question that Manigault was carrying a firearm at the time of his arrest. Further, a reasonable fact-finder could conclude from the proof, which included the weapon's close physical proximity to the drugs in Manigault's vehicle and Ralat's testimony that robberies of street sellers had become common, prompting drug dealers to carry guns for protection, that there was "a nexus between the firearm and the underlying ... crime." *United States v. Munoz,* 143 F.3d 632, 637 n. 5 (2d Cir.1998) (internal quotation marks omitted); *see also United States v. Jackson,* 300 F.3d 740, 747 (7th Cir.2002) ("[I]f the drugs and the gun are together in the same place, it is nearly an inescapable conclusion that [the firearm was used during and in relation to the drug offense]." (internal quotation marks omitted)); *United States v. Turner,* 157 F.3d 552, 557 (8th Cir.1998) (holding that a "a jury could reasonably infer [that] the gun served to facilitate the drug trafficking offense" where "the firearm was found grip up with the crack cocaine in an unfastened bag within arm's reach of [the defendant]" (internal quotation marks and alterations omitted)). For substantially the same reasons, the evidence was sufficient to establish Manigault's guilt under the possession prong of 18 U.S.C. § 924(c).

Accordingly, the judgment of the district court is hereby AFFIRMED. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal

course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider Manigault's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*