**UNITED STATES of America,**
**Appellee,**

v.

**Florentino ZAMBRANO, Defendant–**
**Appellant.**

**No. 06–5754–cr.**

United States Court of Appeals,
Second Circuit.

July 29, 2009.

Jeremy Gutman, New York, NY, for Appellant.

Jesse M. Furman, Assistant United States Attorney for Lev L. Dassin, Acting United States Attorney for the Southern District of New York (Jillian Berman, Assistant United States Attorney, of counsel) New York, NY, for Appellee.

PRESENT: ROBERT D. SACK, B.D. PARKER, Circuit Judges, RICHARD W. GOLDBERG,* Judge.

### SUMMARY ORDER

Florentino Zambrano appeals from a judgment of conviction in the United States District Court for the Southern District of New York. Following a five-day trial, a jury found Zambrano guilty of, *inter alia,* carrying or using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three of the indictment), in connection with his extortion of Rodolfo Franze. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on appeal.

■ Zambrano argues that the evidence presented at trial was insufficient to support the jury's finding of guilt regarding Count Three of the indictment. He contends primarily that inconsistencies between witness testimony and the physical evidence at trial prevent any rational trier of fact from concluding that he was guilty of Count Three. We disagree.

When reviewing a sufficiency challenge, " 'we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility.' " *United States v.*

*Parkes,* 497 F.3d 220, 225 (2d Cir.2007) (quoting *United States v. Arena,* 180 F.3d 380, 391 (2d Cir.1999)), *cert. denied,* —— U.S. ——, 128 S.Ct. 1320, 170 L.Ed.2d 133 (2008). We must affirm the jury verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

The evidence presented to the jury included: a written and signed confession by Zambrano that he threatened Franze and fired a gun in Franze's shop, the testimony of Franze that Zambrano made threats and fired a gun in Franze's shop, a firearm and ammunition found at Zambrano's apartment, a bullet recovered from Franze's autobody shop, and recorded conversations, authenticated by police officers, in which Zambrano threatened Franze with violence and demanded money. Viewing the testimony and physical evidence in the light most favorable to the prosecution, a rational jury could conclude beyond a reasonable doubt that Zambrano fired a gun in Franze's shop in connection with his extortion efforts. The differing descriptions of the weapon and where the bullet landed that Zambrano relies on in his argument were factual matters properly referred to the jury to decide.

■ Zambrano also argues that the government has not met its burden to prove the elements as set forth in the indictment: that Zambrano (1) "brandished" (2) "a silver .22 caliber High Standard Derringer 2-shot pistol" at the victim's shop and (3) "fired a shot from the handgun into the wall." In support of his argument, he points to differences between Franze's description of the gun on the witness stand and to police—as being a "black hole" and a "small black gun"—and the gun de-

---

* The Honorable Richard W. Goldberg of the United States Court of International Trade, sitting by designation.

scribed by Zambrano in his confession and eventually recovered at Zambrano's apartment—which was silver with a white or pearl handle. Zambrano also focuses on varying descriptions of where the bullet landed.

"A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment." *Dunn v. United States,* 442 U.S. 100, 105, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979). A variance furnishes grounds to reverse a conviction only when the variance is prejudicial. *See United States v. McDermott,* 277 F.3d 240, 242 (2d Cir.2002); *United States v. Barnes,* 158 F.3d 662, 666 (2d Cir.1998). We conclude that any differences between the indictment and the evidence at trial were harmless error and not prejudicial to Zambrano in preparing a defense.

In light of largely consistent evidence presented at trial including Zambrano's signed confession, the jury verdict will stand.